**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BIPINCHANDRA KANUBHAI
CHAUNDARI; MAHDUBEN
BIPINCHANDRA CHAUNDARI,

Petitioners,

v.

ERIC H. HOLDER, JR., Attorney
General of the United States,

Respondent.

No. 12-9505
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

Bipinchandra Kanubhai Chaundari ("Chaundari") and his wife, Mahduben

Bipinchandra Chaundari, both natives and citizens of India, petition for review of an

order of the Board of Immigration Appeals ("BIA") denying their application for

asylum and restriction on removal under the Immigration and Nationality Act

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("INA"), and request for protection under the United Nations Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), (b)(1). We deny their petition.

## I.   BACKGROUND

Chaundari and his wife, who filed a derivative application and will hereinafter be referenced under her husband's application, were paroled into the United States in 2006 after leaving India based on an alleged fear of persecution for their Hindu faith. The Department of Homeland Security initiated removal proceedings two years later, during which Chaundari requested relief in the form of asylum, withholding of removal, and protection under the CAT. Chaundari asserted that such relief was warranted because he and his wife endured persecution by Muslim extremists on account of their Hindu faith.

In support of his application and during the immigration hearing, Chaundari referenced religious riots in 2003 between Muslims and Hindus in his home state of Gujarat, India. Although Chaundari was not injured during the riots, he and his wife were assaulted on two occasions by his neighbor, a Muslim, after Chaundari parked his tractor on his neighbor's property. Chaundari and his wife spent three or four days in a medical facility as a result of deep muscular pains from the attacks.

According to Chaundari, he and his wife then relocated to Chaundari's relatives' homes in Gujarat state, and have not returned to their village since that time. Chaundari alleges that even after relocating he still felt threatened based on

- 2 -

other villagers informing him that "Muslim people" were looking for him. Admin. R at 264-265. After four or five months, the threats apparently compelled Chaundari to move out of Gujarat state to Bombay (Mumbai). While in Bombay, Chaundari had an encounter with his former neighbor, from whom he ran away after hearing his name called on the street. Chaundari and his wife then left India for Canada, where he briefly sought refugee status, before entering the United States a few weeks later. Chaundari later learned that his house in his home village had been burned down.

After a hearing, the immigration judge ("IJ") denied Chaundari's application. The IJ found Chaundari's asylum application, filed two years after entering the United States, untimely and that it failed to show extraordinary circumstances justifying an exception to the timely filing requirement. The IJ also found that Chaundari failed to meet his burden of proof with respect to his restriction on removal and CAT claims because he failed to establish his neighbor targeted him on account of his Hindu faith rather than as a result of a personal dispute. The IJ further concluded that the assaults did not rise to the level of persecution and that Chaundari did not establish a clear probability of future persecution.

Chaundari appealed the IJ's decision to the BIA. He argued that he did not know about asylum or the associated one-year filing deadline, and this qualified as extraordinary circumstances warranting an exemption from the deadline. Chaundari additionally contended that a presumption of a well-founded fear of future persecution was triggered by his past persecution, therefore making him eligible for

asylum and restriction on removal. Chaundari asserted relief under the CAT was appropriate because the Indian government was unwilling or unable to control the private individuals he feared.

The BIA dismissed Chaundari's appeal, rejecting his assertion that his ignorance of asylum law qualified as an extraordinary circumstance to excuse the untimeliness of his asylum request. The BIA affirmed the IJ's finding that Chaundari failed to establish harm rising to the level of persecution and further failed to demonstrate likely future persecution on account of a protected ground. The BIA also affirmed the IJ's conclusion that relief under the CAT was unwarranted because he failed to show a threat of harm to Hindus by the Indian government or by forces the government is unwilling or unable to control.

## II.  DISCUSSION

### A. Asylum

The INA requires applicants to file their application within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). An exception to this one-year filing deadline may be given if the applicant shows changed or extraordinary circumstances that affected the applicant's ability to meet the deadline. 8 U.S.C. § 1158(a)(2)(D). But after the BIA determines an application is untimely, we lack jurisdiction to review both the application's timeliness and whether there were extraordinary circumstances warranting an exception. *See* 8 U.S.C. § 1158(a)(3); *Diallo v. Gonzales,* 447 F.3d 1274, 1281 (10th Cir. 2003) (noting that

we lack jurisdiction to consider a ruling denying an asylum application that is filed outside the statutory period). We do, however, have jurisdiction to review constitutional claims insofar as such issues are colorable. 8 U.S.C. § 1252(a)(2)(D); *Alvarez-Delmuro v. Ashcroft*, 447 F.3d 1274, 1281-1282 (10th Cir. 2004).

Here, Chaundari attempts to disguise a factual dispute about whether he established extraordinary circumstances sufficient to excuse his application's untimeliness by posing it as a constitutional issue. Specifically, Chaundari asserts that he was deprived of due process because the BIA did not sufficiently consider his individualized circumstances or give a reasoned explanation for its decision. After considering Chaundari's argument, it is evident that his constitutional dispute is simply an attempt to circumvent the rule precluding this court's review of his asylum petition. We therefore conclude this issue is not subject to review.

**B. Restriction on Removal and Relief Under the CAT**

To qualify for restriction on removal, "an applicant must demonstrate that there is a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." *Zhi Wei Pang v. Holder,* 665 F.3d 1226, 1233 (10th Cir. 2012) (internal quotation marks omitted). "[P]ersecution requires the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and requires more than just restrictions or threats to life and liberty." *Yuk v. Ashcroft,* 355 F.3d 1222, 1233 (10th Cir. 2004) (internal quotation marks omitted). If an applicant

demonstrates past persecution, it creates a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). Meanwhile, to be eligible for protection under the CAT, "an individual must establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Zhi Wei Pang*, 665 F.3d at 1233–34.

We decide legal questions de novo and review the agency's findings of fact under the substantial evidence standard. *Ritonga v. Holder,* 633 F.3d 971, 974 (10th Cir. 2011). "Under this standard of review, agency findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.*

Chaundari contends the BIA erred in denying his restriction on removal petition because he met his burden of proof of establishing a well-founded fear of persecution based on past persecution. Chaundari argues that contrary to the BIA's finding that the incidents did not rise to the level of persecution, the record in fact reveals a pattern of persecution, beginning with the religious riots in 2003, continuing with the two physical assaults by his neighbor, and extending into Chaundari's various relocations because of supposed threats in such locations.

However, substantial evidence supports the BIA's finding for two reasons. First, the only actual "infliction of harm" occurred at one discrete time, during Chaundari's dispute with his neighbor over the tractor's location. The other instances of alleged persecution were either threats passed on to him through

acquaintances or a single encounter with his former neighbor in Bombay that resulted in no physical harm or even an alleged threat. Second, there is scant evidence in the record that in the instances Chaundari was targeted, it was on account of a protected ground—his Hindu religion. Chaundari was required to show that being Hindu was a central reason for the alleged persecution and was not merely incidental or tangential. *Dallakoti v. Holder*, 619 F.3d 1264, 1268 (10th Cir. 2010). But the only support for his allegation that he was targeted for his religion is that he is Hindu and "those that attacked him are Muslim," Pet'r's Br. at 22, even though nearly all of the specific incidents Chaundari references as being a part of a pattern of persecution tie back to the personal dispute with his neighbor. Just because Chaundari is Hindu and his neighbor is Muslim does not convert what was a property dispute into a religious one.[1] The evidence simply does not compel a finding contrary to the BIA's conclusion that the incidents about which Chaundari complains do not rise to the level of persecution.

Chaundari also argues that the BIA erred when it rejected his assertion that the Indian government was unable or unwilling to control the threat of harm to Hindus. Chaundari testified, however, that when he did complain to the police about his neighbor's attack, his neighbor was arrested and was only released after Chaundari chose not to pursue the issue further. Thus, the evidence indicates that the Indian

---

[1]    Similarly, there is no evidence linking the fire to Chaundari's home, which occurred after he had entered the United States, to religious persecution of any kind. Chaundari testified that no police reports were filed in relation to the fire.

- 7 -

government *did* control the threat of harm. Likewise, Chaundari failed to support his contention that he filed other police reports—which he alleges were ignored by the police—with corroborating evidence. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1205 (10th Cir. 2006) (testimony must refer to "specific facts sufficient to demonstrate that the applicant meets his burden of proof"); *see also* 8 U.S.C.A. § 1158(b)(1)(B)(ii).

Nor does the record support Chaundari's claim that he is unable to relocate within India. For one, evidence that Chaundari submitted to show the existence of violence by extremist Muslim groups in India also indicates that Hindus represent a vast majority of Indians and that most religious groups live in peaceful coexistence. *See* Admin. R. at 326. Secondly, there is no objective evidence that Chaundari was persecuted when he did try to relocate; he relies only on his testimony of vague secondhand threats and a run-in with his former neighbor on a Bombay street. It is notable that since the 2003 assault by his neighbor, Chaundari lived in India for three years without any physical confrontation or direct threat.

Regarding Chaundari's CAT claim, because substantial evidence supports the BIA's finding that he would not likely face future persecution if returned to India, it is equally unlikely that he would be tortured by public officials or be subjected to inhuman treatment with the government's acquiescence. *See* 8 C.F.R. § 1208.18(a)(1). Chaundari has not asserted that he has been targeted by the Indian

government nor has he provided meaningful evidence of inhuman treatment with the government's accession. Accordingly, the BIA did not err in denying CAT relief.

For the foregoing reasons, the petition for review as to the asylum claim is DISMISSED for lack of jurisdiction. The restriction on removal claims under the INA and the CAT are DENIED.

Entered for the Court


Stephen H. Anderson
Circuit Judge